[Cite as *Harris v. Ross*, 2011-Ohio-1075.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| JOHN B. HARRIS | : | Julie A. Edwards, P.J. |
| | : | W. Scott Gwin, J. |
| Petitioner-Appellant | : | Sheila G. Farmer, J. |
| | : | |
| -vs- | : | Case No. 10-CAF-07-0057 |
| | : | |
| | : | |
| ALANDA ROSS | : | O P I N I O N |
| Respondent-Appellee | | |


CHARACTER OF PROCEEDING:        Civil Appeal from Delaware County
                                                        Court of Common Pleas Case No.
                                                        09 DVH 03-149

JUDGMENT:                                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:        March 8, 2011

APPEARANCES:

For Petitioner-Appellant                     For Respondent-Appellee

ERIC W. BREHM                               ALANDA ROSS
Brehm & Associates                           762 Bovee Lane
604 E. Rich Street, Suite 2100             Powell, Ohio  43065
Columbus, Ohio  43215

*Edwards, P.J.*

{¶1} Plaintiff-appellant, John Harris, appeals from the June 24, 2010, Judgment Entry of the Delaware County Court of Common Pleas.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On March 26, 2009, appellant John Harris filed a petition for a domestic violence civil protection order against appellee Alanda Ross pursuant to R.C. 3113.31. On the same date, an ex parte civil protection order was granted. The order indicated that appellee was to immediately vacate the parties' residence and also granted exclusive possession of the same to appellant.

{¶3} Subsequently, a consent agreement and domestic violence civil protection order was filed on April 8, 2009. The same granted appellant exclusive possession of the residence "contingent upon [appellant's] securing [appellee's] release from mortgage within 90 days."

{¶4} On August 11, 2009, appellee filed a Motion for Relief from Protection Order. Appellee, in her motion, indicated that appellant had not made any attempts to release her from liability on the mortgage. Appellee, in her motion, stated, in relevant part, as follows: "The order states exclusive rights can only be maintained if the terms are upheld which [appellant] did not do so. I am asking the court to grant me the same time frame as [appellant] securing me exclusive rights to the property or relief from the order of protection to return to my residence." A hearing on such motion was scheduled for September 14, 2009.

{¶5} On September 2, 2009, appellee filed a Motion for a Temporary Restraining Order against appellant.

**{¶6}** A hearing before a Magistrate was held on September 14, 2009. The Magistrate, in his September 18, 2009 Order, stated, in relevant part, as follows:

**{¶7}** "John B. Harris [appellant] states that he could not secure the refinancing because on March 27, 2009, Alanda [appellee] quit claimed her interest in the real estate to Sonda Crawford. Alanda states that Sonda Crawford quit claimed the residence back to Alanda on April 24, 2009. John states that the quit-claim back was forged by Alanda with a power of attorney. Alanda states that she needs possession of the residence because she and her 2 children live in Marion at Turning Point and drive every day so that the children can attend school in Olentangy School District. John states that since the civil protection order was issued, Alanda has entered the residence and broke the windows and that Alanda has called John in violation of the restraining orders especially when John was in the police station. Alanda states that she has received an offer to buy the residence and all that John has to do is go down to the realtor and sign the acceptance. John states that the realtor is an old boyfriend of Alanda."

**{¶8}** The Magistrate set the matter for further hearing on October 29, 2009 and stated that, if appellant could not prove his ability to refinance, the court would order the residence sold and/or vacate the award of exclusive occupancy to appellant and/or grant appellee exclusive occupancy. The Magistrate ordered appellee to bring proof of the possible sale to the hearing. The hearing was later continued to May 28, 2010.

**{¶9}** Following a hearing held on May 28, 2010, the Magistrate, in a Decision filed on June 1, 2010, recommended that appellant be ordered to vacate the residence on or before June 11, 2010 and that exclusive possession of the same be granted to

appellee effective June 11, 2010. The Magistrate, in his Decision, noted that appellant had not secured appellee's release from the mortgage despite having being ordered to do so within 90 days after April 8, 2009.

{¶10} On June 11, 2010, appellant filed a Motion to Stay the Magistrate's Decision. Such motion was denied. On June 16, 2010, appellant filed objections to the Magistrate's Decision.  As memorialized in a Judgment Entry filed on June 24, 2010, the trial court found that there was no error of law or other defect on the face of the Magistrate's Decision and adopted the same.

{¶11}  Appellant now raises the following assignment of error on appeal:

{¶12} "I. THE TRIAL COURT DID ERR BY ORDERING PETITIONER-APPELLANT TO VACATE HIS RESIDENCE.

{¶13} "II. THE TRIAL COURT DID ERR BY GRANTING RESPONDENT-APPELLEE'S REQUEST, WHEN RESPONDENT-APPELLEE HAD UNCLEAN HANDS.[1]"

I

{¶14}  Appellant, in his first assignment of error, argues that the trial court erred by ordering him to vacate the residence. Appellant specifically argues, in part, that the trial court exceeded its jurisdiction by affecting title to the subject real estate via a Civil Protection Order.

{¶15}  R.C. 3113.31 states, in relevant part, as follows: "(E)(1) After an ex parte or full hearing, the court may grant any protection order, with or without bond, or approve any consent agreement to bring about a cessation of domestic violence against the family or household members. The order or agreement may:…

---

[1] 'This error is being argued in the alternative.'

**{¶16}** "(b) Grant possession of the residence or household to the petitioner or other family or household member, to the exclusion of the respondent, by evicting the respondent, when the residence or household is owned or leased solely by the petitioner or other family or household member, or by ordering the respondent to vacate the premises, when the residence or household is jointly owned or leased by the respondent, and the petitioner or other family or household member;."…

**{¶17}** "(5) No protection order issued <u>or consent agreement</u> approved under this section shall in any manner affect title to any real property." (Emphasis added).

**{¶18}** In the case sub judice, the consent agreement filed on April 8, 2009, provided that appellee would vacate the property on the condition that appellant refinance the house within 90 days. The purpose of refinancing would be to remove appellee's name from the mortgage and/or note. This would inevitably affect title to the real property, because no lending institution would permit appellant to assume the entire obligation for the note, and pledge the subject property as security for the same, if appellant were not the sole owner of such property. Moreover, the trial court, in its June 24, 2010, Judgment Entry, awarded exclusive possession of the residence to appellee because appellant was unable to refinance the residence. By doing so, the trial court sanctioned appellant for violation of the portion of the consent agreement which the trial court had no authority to issue because such order violated R.C. 3113.31(E)(5) and affected title to property.

**{¶19}** Appellant's first assignment of error is, therefore, sustained.

II

{¶20} Appellant, in his second assignment of error, argues that the trial court erred by granting appellee's request when appellee had unclean hands.

{¶21} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.

{¶22} Accordingly, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Edwards, P.J.

Gwin, J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d1130

[Cite as *Harris v. Ross*, 2011-Ohio-1075.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN B. HARRIS | : | |
| | : | |
| Petitioner-Appellant | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ALANDA ROSS | : | |
| | : | |
| Respondent-Appellee | : | CASE NO. 10-CAF-07-0057 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.  Costs assessed to appellee.

_____

_____

_____

JUDGES